### FRICKE *v.* GERMAN SAV. BANK.

(*Superior Court of New York City, General Term.*  March 5, 1889.)

BANKS AND BANKING—PAYMENT OF FORGED CHECKS—LIABILITY TO DEPOSITOR.

> In an action against a savings bank by a depositor to recover money charged to have been negligently paid out by the bank upon a forged check, where it appeared that there were some dissimilarities between plaintiff's genuine signature on the bank's signature book and the forged signature on the check, the court properly left it to the jury to decide whether the dissimilarities were such as would lead a person of reasonable prudence to accept the check as genuine, and whether the clerk who cashed it could, by ordinary observation, have appreciated the differences.

Appeal from trial term.

Action by Friedrick Fricke against the German Savings Bank to recover money deposited.  Verdict and judgment for plaintiff, and defendant appeals.  Under defendant's by-laws, as set forth and printed in the pass-book issued by it to each of its depositors, the payment of money on an order purporting to be signed by the depositor fully discharged and relieved it from any further liability.  The money for which plaintiff sues was paid out on a forged check.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Lewis Sanders*, for appellant.  *Isaac Rothschild*, for respondent.

SEDGWICK, C. J.  The plaintiff had been a depositor with defendant.  A thief stole the plaintiff's pass-book, and presented it and a check, with the forged signature of plaintiff upon it, for the sum of $175 to the bank.  The bank paid the money upon the check.  The action was to recover this amount.  The defendant did not dispute the existence of these facts.  When the plaintiff opened his account with the bank, he wrote his name upon the signature book of the bank.  A clerk of the bank testified that he paid the money after comparing the signature upon the book with the signature upon the check.  The court instructed the jury that the plaintiff, to recover, should show to their satisfaction that the servant of the bank had been negligent in making the comparison between the signatures; that if there were dissimilarities, the jury should say whether they were such as would lead a person of reasonable prudence to refuse to act upon the check as genuine, and whether the bank's servant could, by ordinary observation, have appreciated the differences.  There was no objection to the charge of the court.  But the learned counsel on the trial, and by a motion for a new trial, took the position that the preponderance of testimony was that there was no negligence on the part of the bank.  The exhibits marked in the case consisted of the genuine signature on the book and the forged check.  Photographs of these are in the appeal-book.  Other exhibits are photographic copies of genuine signatures of plaintiff.  The learned counsel for the defendant maintains that the preponderance of

evidence in favor of defendants appears in the signatures in the book and on the check. That in this case defendant's negligence or omission to use reasonable care in perceiving dissimilarities between signatures (*Appleby* v. *Bank*, 62 N. Y. 18) was not shown, because the signatures themselves incontrovertibly show that there were no dissimilarities of a kind that would lead a person competent for the position of bank clerk, using his judgment with a care proportionate to the circumstances, to believe that the signature on the check was not genuine. It is affirmed that at least the dissimilarities were not marked and apparent, that it would call for a critical examination to detect them, and, as to what was indicated by them, there might be an honest difference of opinion between persons competent to judge in such matters. My own opinion is that there were dissimilarities which can be pointed out by a common and unskilled person, and that it does not incontrovertibly appear that a skilled clerk would not perceive in them sufficient ground for the belief that the signatures were not made by the same person. It does not with certainty appear that the differences were such as would occur in signatures written by one person. The question would be as to the degree of significance that would be attributed to the differences, not by the common person, but by the skilled person. The solution of this depends upon the fact of what an expert would be able to perceive, and upon the testimony as to that in the course of the trial. Such testimony was not given by an expert called for that particular purpose. The clerk, however, was an expert, and from his examination and cross-examination a jury could judge, not only of what was the effect on his mind caused by his comparing the signatures, but of what would have been the effect if he had given the due attention to what the dissimilarities indicated. In my opinion there was a question for the jury. If my associate agrees with me, the judgment and order should be affirmed, with costs.

TRUAX, J., concurred.