## SALING v. GERMAN SAV. BANK.

*(Common Pleas of New York City and County, General Term. December 2, 1889.)*

1. BANKS AND BANKING—BY-LAWS OF SAVINGS BANKS.

A provision in the by-laws of a savings bank, signed by depositors, that the "bank will not be responsible for frauds committed on the officers by producing the pass-book and drawing money without the knowledge or consent of the owner," does not discharge the bank from obligation to exercise ordinary care as to the identity of persons presenting pass-books. Following *Appleby* v. *Bank*, 62 N. Y. 12.

2. SAME—PAYMENT OF FORGED CHECK—PROVINCE OF JURY.

Where defendant savings bank paid money to S., who presented plaintiff's pass-book and forged his name, testimony of the bank's officer, whose duty it was to examine the signatures, that after making comparison he could readily distinguish the genuine signatures from the forgeries; that he did not ask S. any of the questions as to his birthplace, age, etc., which facts are always set opposite a depositor's name for future identification; that the signature was such a good imitation that he did not think he could be mistaken; that he was frequently so busy that he did not have time to ask the questions; and that, on account of the rush of business, if a signature presented "is a tolerably good signature, we have it paid without any questions,"—presented a question of defendant's negligence for the jury.

Appeal from city court, general term.

Action by Henry Saling against the German Savings Bank in the city of New York. Judgment for defendant, and plaintiff appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Segismund Kaufmann,* (*Lewis Sanders,* of counsel,) for appellant. *Max Bayersdorfer,* (*David Leventritt,* of counsel,) for respondent.

LARREMORE, C. J. It is not necessary that we should state at any great length our reasons for affirming the order of the general term of the city court, reversing the judgment rendered at trial term. The plaintiff was a depositor in the defendant's bank. It appears that one Rudolph Schwartz, who has since been indicted and convicted for the offense, surreptitiously procured plaintiff's bank-book, personated plaintiff at the bank, forged his signature on several occasions, and thereby collected various sums in plaintiff's name, which the defendant has charged to plaintiff's account. The payment of such sums to Schwartz the defendant interposed as a defense to this action. The forged signatures were produced on the trial, and compared with the signature of plaintiff in the signature book of the bank, and with other genuine signatures. An officer of the bank whose duty it was to examine the signatures upon draft checks admitted that after making such comparison he could readily distinguish such genuine signatures from the forgeries. This witness further says that when the man Schwartz presented himself to draw money he does not think he asked him (Schwartz) any of the questions as to the birthplace, age, etc., which facts are always set opposite a person's name, when he opens an account, for future identification; that the signature was such a good imitation that the witness did not think he could possibly be mistaken; and that, moreover, he was frequently so busy that he did not have time to ask the questions. The witness further said that on account of the rush of business, if a signature presented "is a tolerably good signature, we have it paid without asking any questions." With this evidence in the case, it was error for the trial judge to refuse to allow the jury to pass upon the question whether or not the defendant was guilty of negligence in making the payments. *Fricke* v. *Bank,* 4 N. Y. Supp. 627; *Cornell* v. *Bank,* 9 N. Y. St. Rep. 72.

The defendant relies upon an ordinance or by-law, to which plaintiff subscribed, to the effect that the "bank will not be responsible for frauds committed on the officers by producing the pass-book and drawing money without the knowledge or consent of the owner." In order to sustain the action of the trial judge in directing a verdict, it would have to be held that such by-law exonerates the officers of the bank from exercising ordinary care in the making of payments. In *Appleby* v. *Bank,* 62 N. Y. 12, the by-law involved was in terms much stronger than the one in question here. It expressly provided that "although the bank will endeavor to prevent fraud upon its depositors, yet all payments to persons producing the pass-books issued by the bank shall be valid payments to discharge the bank." Even in that case it was said in the opinion that "these rules do not dispense with the exercise of ordinary care on the part of the officers of the bank." Page 17. It would therefore seem not to be the policy of the law to allow a savings bank to discharge itself from all obligation to exercise ordinary care as to the identity of persons presenting pass-books. In the case at bar, facts tending to show negligence in making the payments were adduced from defendant's own officers, and the issue of negligence should have been submitted to the jury. The order of reversal should be affirmed. All concur.